IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JERRY ALLEN BOSARGE**                                                                                      **PLAINTIFF**

**VS.**                                                             **CIVIL ACTION NO. 1:13cv564-KS-MTP**

**CHRISTOPHER EPPS,** *et al.*                                                                          **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Motion for a Temporary Restraining Order [21] filed by Plaintiff. The undersigned, having considered the motion and the applicable law, recommends that the motion should be denied.

Plaintiff filed his Compliant [1] pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff makes allegations regarding overcrowding and unsanitary food preparation conditions at Southern Mississippi Correctional Institute. In his Motion [32], Plaintiff alleges that several SMCI correctional officers ransacked Plaintiff's unit, which resulted in Plaintiff's legal papers, including documents he intended to file in this action, being lost and/or damaged. Plaintiff requests that this Court issue an Order enjoining Defendants from taking or destroying Plaintiff's legal papers, and from harassing or retaliating against Plaintiff for proceeding with his complaint.

## ANALYSIS

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr.*

*of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

Plaintiff's motion does not meet his burden of establishing the four elements required to receive injunctive relief. *See Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). Namely, Plaintiff has not established a substantial likelihood of success on the merits, as the Court in fact received the document [22] he claims was taken by the SMCI officers. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury'); *see also Cartner v. Lowndes County*, 89 Fed. App'x. 439, 442 (5th Cir. 2004) (affirming dismissal of access-to-the-courts claim where plaintiff failed to explain "how his position as a litigant was adversely affected"). Furthermore, Plaintiff has since the time of the alleged incident been able to file other court pleadings, including the instant motion.

As for the relief Plaintiff seeks from retaliation, Plaintiff has failed to allege in his Motion that the alleged incident was in any way connected to his lawsuit, or that the SMCI officers in question were acting with the purpose to retaliate against the Plaintiff. It is well established that a general allegation of retaliation does not constitute a cognizable claim. *See, e.g., Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006) (holding that in order to state a claim of retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation).

RECOMMENDATION

For the reasons above, the undersigned recommends that Plaintiff's Motion for a Temporary Restraining Order [21] be DENIED.

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 20th day of October, 2014.

> s/ Michael T. Parker
> United States Magistrate Judge