## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JERRY ALLEN BOSARGE**                                      **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 1:13cv564-KS-MTP**

**CHIQUITA BROWN, ET AL.**                                   **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [39] filed by

Defendants Chiquita Brown, Anthony Blackburn, Howard Everett, Hubert Davis, Brenda Sims, and

Raymond Byrd. After careful consideration of the motion, the submissions of the parties, and the

applicable law, the Court finds that the Motion [39] should be GRANTED, and Plaintiff's claims

against Defendants Brown, Blackburn, Everett, Davis, Sims and Byrd be dismissed with prejudice.

## BACKGROUND

Plaintiff Jerry Allen Bosarge is a post-conviction inmate in the custody of the Mississippi

Department of Corrections ("MDOC") currently incarcerated at South Mississippi Correctional

Institution ("SMCI"). This lawsuit arises from alleged events that took place at SMCI. Plaintiff filed

the instant action pursuant to 42 U.S.C. § 1983 on or about October 17, 2013.[1] His claims and

requested relief were clarified and amended through his sworn testimony at a *Spears*[2] hearing held

December 2, 2014.[3]

---

[1]*See* Complaint [1] at 4.

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *see also Flores v. Livingston*, 405
Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made a *Spears* hearing supercede
claims alleged in the initial complaint).

[3]*See* Omnibus Order [31].

Plaintiff alleges unsanitary food preparation conditions at SMCI. Specifically, Plaintiff alleges that the inmate-operated cafeteria does not properly clean the dishes and food trays, and that there is only one dishwasher in the kitchen. Plaintiff alleges that the inmates who work in the kitchen do not wear aprons, hairnets and gloves when handling and serving the food. He alleges that inmates who suffer from contagious diseases are allowed to work in the kitchen, likely spreading disease through the food served at SMCI. Plaintiff offers no facts, however, establishing that disease is in fact being spread, or that he himself has become sick. Plaintiff alleges that he has witnessed inmates engage in sexual activity when working in the kitchen, which he claims could contaminate the food.

Plaintiff further alleges that no one is supervising the inmates working in the kitchen to ensure that they comply with food safety standards. Plaintiff alleges that all Defendants had personal knowledge of the unsanitary conditions of the kitchen and refused to act. Plaintiff seeks injunctive relief in the form of an order from this Court ordering SMCI officials to operate the kitchen in compliance with food safety standards.[4]

Defendants Brown, Blackburn, Everett, Davis, Sims and Byrd[5] filed their Motion for Summary Judgment [39] and Memorandum in Support [40] on February 24, 2015.[6] In the motion, Defendants assert that Plaintiff has failed to establish sufficient facts to support his claims, and that

---

[4]*Id*. at 2.

[5]These defendants are, or were at the time of the alleged events, employees of the MDOC or SMCI.

[6]Defendant Valley Food Service was not served with process a the time of the Spears hearing, and did not appear before the Court until July 8, 2015. *See* Answer [51]. Accordingly, Valley Food Service has not yet filed a dispositive motion. The Court will address any dispositive motion filed by this Defendant, if necessary, at the appropriate time.

the facts he has alleged are conclusory in nature.[7]

## STANDARD

A motion for summary judgement will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## ANALYSIS

Defendants have asserted the defense of sovereign immunity. The Eleventh Amendment to

---

[7]Memorandum in Support [40] at 5.

3

"bars an individual from suing a state in federal court unless the state consents to the suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Kermode v. Univ. of Miss. Med. Ctr.*, 496 Fed. App'x 483, 487 (5th Cir. 2012). Sovereign immunity extends to any state agency or entity deemed to be "an arm of the state." *Perez*, 307 F.3d at 326. MDOC is considered an arm of the State of Mississippi. Miss Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2150, 2006 WL 1666258 at *2 (S.D. Miss. June 12, 2006). However, Defendants are not entitled to sovereign immunity for prospective injunctive relief. This doctrine, set forth by the Supreme Court in *Ex parte Young*, 209 U.S. 123 (1908), is an exception to the general prohibition of the Eleventh Amendment. *See Verizon Maryland, Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002). In this case, the Plaintiff seeks only prospective injunctive relief, and therefore, Defendants are not entitled to sovereign immunity.

A prisoner is entitled to protection under the Eighth Amendment in regard to the treatment he receives while incarcerated, as well as the conditions of his confinement. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The constitutional prohibition against cruel and unusual punishment, however, "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Furthermore, the Constitution "does not require that prisons be completely sanitized or as clean or free from potentials hazards as one's home might be." *McAllister v. Strain*, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); *see also Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

While there is a point beyond which a prison's conditions are so unsanitary as to render them unconstitutional, "only those deprivations denying the minimal civilized measure of life's necessities

are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298. In order to establish a claim regarding conditions of confinement, the plaintiff must first show that the deprivation is objectively serious, in that the deprivation violates contemporary notions of decency. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).  Second, the plaintiff must show that the prison officials acted with a sufficiently culpable state of mind, i.e. deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is "an extremely high standard" that encompasses "only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Prison and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Brown v. Canteen, Inc.*, Civil Action No. 09-cv-1549, 2009 WL 4506867 at *2 (W.D. La. Dec. 3, 2009) (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986)). Courts have repeatedly held that occasional incidents of foreign objects contained in food do not present a question of constitutional proportions. *See, e.g., Brown*, 2009 WL 4506867 at *2; *Lunsford v. Reynolds*, 376 F. Supp. 526, 528 (W.D. Va. 1974); *Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986). Furthermore, courts have held that without an allegation of resulting harm, complaints regarding food service practices "simply are not of a constitutional dimension," even where the

5

plaintiff is requesting injunctive relief. *See, e.g, Spurlock v. Gusman*, Civil Action No. 10-991, 2010 WL 2102829, at *7 (E.D. La. May 5, 2010). Finally, mere negligence on the part of the jail officials in the way they manage the food services does not amount to a constitutional violation. *Mendoza v. Lynauah*, 989 F.2d 191, 195 (5th Cir. 1993).

In this case, Plaintiff alleges that conditions in the SMCI kitchen are generally unsanitary. He alleges that the food trays are not properly cleaned and that the inmates in the kitchen do not always wear  proper protective gear such as hairnets, aprons, or gloves. He further alleges that the inmates working in the kitchen have sometimes engaged in sexual activity. The undersigned finds that while the conditions described by plaintiff may be unpleasant, they are not so egregious as to be unconstitutional. Multiple courts have held that the absence of hairnets or gloves worn by food servers in prisons fails to warrant relief under Section 1983. *Hye v. Broadus*, Civil Action No. 1:08-cv-220, 2009 WL 3259130, at *8 (Finally, Plaintiff's allegation that deputies do not wear hairnets . . . while serving food, do not rise to actionable claims); *Spurlock*, 2010 WL 2102829, at *7 ("[Plaintiff] explained that at time the food was prepared and served by people without gloves, shirts, or hairnets . . . . Even if those allegations are true, plaintiff's claim is not actionable.").

As for the Plaintiff's allegations that inmates with contagious diseases are allowed to work in the kitchen, possibly spreading disease, he has presented no evidence to the Court in support to his claims. He does not allege that he himself, or any other inmate at SMCI, has contracted a contagious disease from contaminated food. Furthermore, courts have held that the failure of prison officials to screen food servers for contagious diseases, without more, does not implicate constitutional concerns. *See e.g., Carr v. Newcomer*, Civil Action No. 09-1080, 2010 WL 331689, at *9 (W.D. La. Jan. 19, 2010).

In his response to Defendants' motion for summary judgment, Plaintiff alleges that he knows "for a fact" that an inmate working in the kitchen suffers from Tuberculosis.[8] He also submits an affidavit signed by a fellow inmate at SMCI, who states that he contracted Hepatitis C while in MDOC custody.[9] However, the affiant does not allege that he became sick while incarcerated at SMCI, or that the disease was contracted as a result of unsanitary food conditions. Plaintiff attaches multiple other affidavits to his response, which wholly consist of complaints from other inmates about the SMCI kitchen. Such complaints include that offenders serve condiments to other inmates with their "personal spoon,"[10] and offenders serving food wear clothes that "appear to have [been] worn while doing mechanic work."[11]

The undersigned finds that Plaintiff's additional allegations, as well as the complaints of other inmates that Plaintiff has submitted, are conclusory in nature and offer no support to his claims. Having been confronted with a proper motion for summary judgment, Plaintiff can no longer rest on his pleadings. *See Celotex*, 477 U.S. at 325-26. Plaintiff also cannot defeat the Defendants' motion for summary judgment with "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner*, 476 F.3d at 343. Based on the current record, Plaintiff has failed to demonstrate conditions of confinement resulting in the denial "the minimal civilized measures of life's necessities."*Wilson*, 501 U.S. at 298.

---

[8]*See* Response [41] at 2.

[9]*See* Affidavit [41-10]. Rather, the affiant states that he contracted the disease by unknown means while incarcerated at either at SMCI, Central Mississippi Correctional Facility, or the Mississippi State Penitentiary.

[10]*See* Affidavit [41-3].

[11]*See* Affidavit [41-6].

Even assuming that Plaintiff had established a serious deprivation sufficient to warrant relief under the Eighth Amendment, he has failed to show that the named Defendants acted with deliberate indifference.[12] Plaintiff has offers nothing but conclusory allegations that Defendants were subjectively aware of any serious deprivation. Moreoever, it is well-settled that there is no supervisory or respondeat superior liability under Section 1983. *Oliver v. Scott*, 276 F.3d 736, 742 & n. 6 (5th Cir. 2002).

Accordingly, for these reasons, the undersigned finds that the moving Defendants are entitled to judgment as a matter of law.

## RECOMMENDATIONS

For the reasons stated above, the undersigned recommends that Defendants' Motion for Summary Judgment [39] be granted, and Plaintiff's claims against Defendants Brown, Blackburn, Everett, Davis, Sims and Byrd be dismissed with prejudice. Plaintiff's claims against Defendant Valley Food Service are not at issue in the Motion [39] and should remain before the Court at this time.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

---

[12]The only possible exception in this respect is Defendant Sims. Plaintiff has submitted an ARP that was reviewed and denied by Sims in regard to unsanitary food conditions. *See* [1-2] at 8. However, as the undersigned has concluded that Plaintiff has failed to establish an objectively serious deprivation, the fact that Defendant Sims was aware of his complaints is of no consequence.

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected. *Douglass v. United Servs.*

*Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 6th of August 2015.

s/ Michael T. Parker
United States Magistrate Judge