**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JERRY ALLEN BOSARGE**

**VS.** **CIVIL ACTION NO. 1:13cv564-KS-MTP**

**CHIQUITA BROWN, ET AL**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

This cause is before the Court on Motion for Summary Judgment [39] filed by Defendants Chiquita Brown, Anthony Blackburn, Howard Everett, Hubert Davis, Brenda Sims, and Raymond Byrd. Also before the Court is the Report and Recommendation of United Magistrate Judge Michael T. Parker [58] and Objections [61] thereto filed by Plaintiff Jerry Bosarge.

The Court has considered the above documents, together with the record in this case and does hereby find as follows:

**I. BACKGROUND**

Plaintiff Jerry Allen Bosarge is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") currently incarcerated at South Mississippi Correctional Institution ("SMCI"). This lawsuit arises from alleged events that took place at SMCI. Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on or about October 17, 2013.[1] His claims and requested relief were clarified and amended through his sworn testimony at a *Spears*[2] hearing held

---

[1]*See* Complaint [1] at 4.

[2]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made a *Spears* hearing supercede

December 2, 2014.[3]

Plaintiff alleges unsanitary food preparation conditions at SMCI. Specifically, Plaintiff alleges that the inmate-operated cafeteria does not properly clean the dishes and food trays, and that there is only one dishwasher in the kitchen. Plaintiff alleges that the inmates who work in the kitchen do not wear aprons, hairnets and gloves when handling and serving the food. He alleges that inmates who suffer from contagious diseases are allowed to work in the kitchen, likely spreading disease through the food served at SMCI. Plaintiff offers no facts, however, establishing that disease is in fact being spread, or that he himself has become sick. Plaintiff alleges that he has witnessed inmates engage in sexual activity when working in the kitchen, which he claims could contaminate the food.

Plaintiff further alleges that no one is supervising the inmates working in the kitchen to ensure that they comply with food safety standards. Plaintiff alleges that all Defendants had personal knowledge of the unsanitary conditions of the kitchen and refused to act. Plaintiff seeks injunctive relief in the form of an order from this Court ordering SMCI officials to operate the kitchen in compliance with food safety standards.[4]

Defendants Brown, Blackburn, Everett, Davis, Sims and Byrd[5] filed their Motion for Summary Judgment [39] and Memorandum in Support [40] on February 24, 2015.[6] In the motion,

---

claims alleged in the initial complaint).

[3]*See* Omnibus Order [31].

[4]*Id*. at 2.

[5]These defendants are, or were at the time of the alleged events, employees of the MDOC or SMCI.

[6]Defendant Valley Food Service was not served with process a the time of the Spears hearing, and did not appear before the Court until July 8, 2015. *See* Answer [51]. Accordingly, Valley Food Service has not yet filed a dispositive motion. The Court will address any

Defendants assert that Plaintiff has failed to establish sufficient facts to support his claims, and that the facts he has alleged are conclusory in nature.[7]

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

The Objections of Petitioner revolve around the allegation that the Defendants are not requiring others to comply with MDOC policies. He states the policies that he alleges are being violated and attaches copies of the regulations and policies for the Court to consider. Petitioner points out that the requirements are mandatory, but the Petitioner also states that he realizes that he cannot prove the claims without a camera, (although this is incorrect) and, additionally,

---

dispositive motion filed by this Defendant, if necessary, at the appropriate time.

[7]Memorandum in Support [40] at 5.

makes general statements about the conditions in the food service.

In his Report and Recommendation, Judge Parker first recommends that the sovereign immunity claims be denied and this Court finds that the recommendation is correct and Defendant's sovereign immunity claims should be and are hereby **denied**.

The portion of the Report and Recommendation addressing the unsanitary conditions in the food service, Judge Parker points out that there is very little direct proof and most of the statements are conclusory and not backed by specific factual allegations, other than the wearing of protective clothing. The standards that prisons have to comply with regarding food service have been set forth in a number of cases, some of which are cited by Judge Parker in his Report and Recommendation. They all still are the law in this circuit. Petitioner is not entitled to a perfect food service and th circumstances of dealing with prisoners creates certain hurdles for the institutions, including the high cost of labor. For that reason, inmate labor is often used. In order to establish his claim regarding conditions of confinement, the Petitioner must (1) show that his deprivation is objectively serious and (2) show that the prison officials have acted with a sufficiently culpable state of mind, *i.e.* deliberate indifference to the inmate's health and safety. In order to do this, the Petitioner must present proof that the conditions are so bad that objectively they demonstrate a deprivation that violates contemporary notions of decency. Petitioner has not shown this. Second, Petitioner must show that prison officials acted with deliberate indifference to the inmate's health and safety. This, also, has not been shown to be the case. This Court cannot find that the officials knew of and disregarded an excessive risk to Petitioner's health and safety. He simply has not met his burden of proof in this regard. His burden is extremely high and the allegations do not rise to the level necessary.

Additionally, Petitioner has not alleged any specific harms resulting from the actions alleged to have been taken or not taken by the prison officials. His complaint does not arise to a constitutional violation.

## IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Jerry Allen Bosarge objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Bosarge's claim should b **dismissed with prejudice.** Therefore, the complaint against Defendants Chiquita Brown, Anthony Blackburn, Howard Everett, Hubert Davis, Brenda Sims and Raymond Byrd should be and the same is dismissed with prejudice..

SO ORDERED this, the 2nd day of September, 2015.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE