**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JERRY ALLEN BOSARGE**                                                                                       **PLAINTIFF**

**v.**                                                                       **CIVIL ACTION NO. 1:13cv564-KS-MTP**

**VALLEY FOOD SERVICE**                                                                                    **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Motion for Injunctive Relief [69] filed by the Plaintiff Jerry Allen Bosarge. After careful consideration of the motion, the undersigned recommends that it should be DENIED.

The Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the South Mississippi Correctional Institution ("SMCI"). Plaintiff filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on or about October 17, 2013, in which he complains, *inter alia*, that Defendant Valley Services, Inc., is responsible for unsanitary food preparation conditions at SMCI. Plaintiff also named several officers and administrators at SMCI as Defendants, but they were dismissed pursuant to the Report and Recommendations [59] and Order [64]. On or about September 3, 2015, Plaintiff filed the instant motion, in which he states that on August 13, 2015, several officers conducted a search of his housing unit, destroyed the Plaintiff's legal files, and then scattered them throughout the unit. Plaintiff asserts that the same thing has happened to other inmates and attaches the affidavit of inmate Earl Bates in support. *See* Letter [69-1]. Plaintiff requests an order from this Court directing the Defendants in this matter to stop retaliating against him and to also cease harassing other inmates.

A party requesting a temporary restraining order or preliminary injunction must demonstrate each of the following: 1) a substantial likelihood of success on the merits; 2) a substantial threat that

failure to grant the injunction will result in irreparable injury; 3) the threatened injury must outweigh any damage that the injunction will cause to the adverse party; and 4) the injunction must not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell,* 248 F.3d 411, 419 n.15 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune,* 534 F.2d 1115, 1121 (5th Cir. 1976).

The Plaintiff has not met his burden of establishing the four elements required to receive injunctive relief. First, Plaintiff has not demonstrated a substantial likelihood of success on the merits. For the reasons set forth in a separate report and recommendations entered this day, the undersigned finds that Plaintiff's general and conclusory allegations fail to establish that Defendant Valley Services subjected him to unsanitary conditions in violation of the Eighth Amendment. *See Wilson v. Seiter*, 501 U.S. 294 (1991) (holding that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."). Furthermore, Plaintiff has not established that he will suffer irreparable injury if the Court does not grant the injunction, as he offers nothing beyond his general allegations that he is being retaliated against and his fear that he is in danger from other SMCI inmates. He does not allege that he was prevented from pursuing any legal claim or that he has been prejudiced in any as a result of the alleged confiscation. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (citation omitted) (stating that in order to prevail on an access-to-the-courts claim, plaintiff must show an "'actual injury').

Finally, the Court notes that all the SMCI Defendants were dismissed from this action pursuant to Order [64], and that the only remaining Defendant is Valley Services, a private entity that does not oversee prison correctional officers or administrative employees. Thus, it appears that

any order of this Court directing any action or inaction by the Defendant would not address the issues presented in the Plaintiff's motion.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Plaintiff's Motion [69] requesting preliminary injunctive relief is DENIED.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 10th day of September, 2015.

> s/ Michael T. Parker
> United States Magistrate Judge