**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JERRY ALLEN BOSARGE**                                                                    **PLAINTIFF**

**v.**                                                                    **CIVIL ACTION NO. 1:13cv564-KS-MTP**

**VALLEY FOOD SERVICE**                                                                    **DEFENDANT**

**REPORT AND RECOMMENDATIONS**

THIS MATTER is before the Court on the Motion for Summary Judgment [59] filed by Defendant Valley Services, Inc. After careful consideration of the motion and the applicable law, the Court finds that the Motion [59] should be granted, and that this matter should be dismissed with prejudice.

**FACTUAL BACKGROUND**

Plaintiff Jerry Allen Bosarge is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") currently incarcerated at South Mississippi Correctional Institution ("SMCI"). This lawsuit arises from alleged events that took place at SMCI. Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on or about October 17, 2013.[1] His claims and requested relief were clarified and amended through his sworn testimony at a *Spears*[2] hearing held December 2, 2014.[3]

Plaintiff alleges unsanitary food preparation conditions at SMCI. Specifically, Plaintiff

---

[1] *See* Complaint [1] at 4.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made a *Spears* hearing supercede claims alleged in the initial complaint).

[3] *See* Omnibus Order [31].

1

alleges that the inmate-operated cafeteria does not properly clean the dishes and food trays, and that there is only one dishwasher in the kitchen. Plaintiff alleges that the inmates who work in the kitchen do not wear aprons, hairnets and gloves when handling and serving the food. He alleges that inmates who suffer from contagious diseases are allowed to work in the kitchen, likely spreading disease through the food served at SMCI. Plaintiff offers no facts, however, establishing that disease is in fact being spread, or that he himself has become sick. Plaintiff alleges that he has witnessed inmates engage in sexual activity when working in the kitchen, which he claims could contaminate the food.

Plaintiff further alleges that no one is supervising the inmates working in the kitchen to ensure that they comply with food safety standards. Plaintiff alleges that Defendant Valley Services, a private food service management company under contract with SMCI, had personal knowledge of the unsanitary conditions of the kitchen and refused to act. Plaintiff seeks injunctive relief in the form of an order from this Court ordering the Defendants to operate the kitchen in compliance with food safety standards.[4]

Defendants Brown, Blackburn, Everett, Davis, Sims and Byrd[5] filed their Motion for Summary Judgment [39] and Memorandum in Support [40] on February 24, 2015. In Report and Recommendations [58], the undersigned recommended that the Motion [39] be granted and Plaintiff's claims against the SMCI Defendants be dismissed with prejudice. The Report and Recommendations [58] was adopted by the district judge on September 2, 2015, by Order [64].

---

[4]*Id*. at 2.

[5]These defendants are, or were at the time of the alleged events, employees of the MDOC or SMCI.

Plaintiff's claim against Defendant Valley Services remained before the Court.[6]

Defendant Valley Services filed its Motion for Summary Judgment [59] and Memorandum in Support [60] on August 10, 2015. In the motion, Valley Services argues that Plaintiff's claim should be dismissed because he has failed to show an injury or exposure to serious harm, and further failed to show that Valley Services acted with deliberate indifference.

## **STANDARD**

A motion for summary judgement will be granted when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). The court must view "the evidence in the light most favorable to the nonmoving party." *Id.* However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). The nonmovant cannot survive a proper motion for summary judgment by

---

[6]Defendant Valley Services was not served with process at the time of the *Spears* hearing, and did not appear before the Court until July 8, 2015. *See* Answer [51]. Accordingly, the motions deadline for Valley Services did not expire until after the undersigned had filed the Report and Recommendations [58].

resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir. 1988); *see also Celotex*, 477 U.S. at 325-26. Instead, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## **ANALYSIS**

A prisoner is entitled to protection under the Eighth Amendment in regard to the treatment he receives while incarcerated, as well as the conditions of his confinement. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The constitutional prohibition against cruel and unusual punishment, however, "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Furthermore, the Constitution "does not require that prisons be completely sanitized or as clean or free from potentials hazards as one's home might be." *McAllister v. Strain*, Civ. Action No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); *see also Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions.").

"Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson*, 501 U.S. at 298. In order to establish a claim regarding conditions of confinement, the plaintiff must first show that the deprivation is objectively serious, in that the deprivation violates contemporary notions of decency. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Second, the plaintiff must show that the prison officials acted with a sufficiently culpable state of mind, i.e. deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a prison official to be liable for deliberate indifference, the plaintiff must show that "the official knows of and disregards

an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Deliberate indifference is "an extremely high standard" that encompasses "only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Prison and detention facilities are required to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Brown v. Canteen, Inc.*, Civil Action No. 09-cv-1549, 2009 WL 4506867 at *2 (W.D. La. Dec. 3, 2009) (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied*, 479 U.S. 817 (1986)). Courts have repeatedly held that occasional incidents of foreign objects contained in food do not present a question of constitutional proportions. *See, e.g., Brown*, 2009 WL 4506867 at *2; *Lunsford v. Reynolds*, 376 F. Supp. 526, 528 (W.D. Va. 1974); *Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985), *cert. denied*, 475 U.S. 1096 (1986). Furthermore, courts have held that without an allegation of resulting harm, complaints regarding food service practices "simply are not of a constitutional dimension," even where the plaintiff is requesting injunctive relief. *See, e.g, Spurlock v. Gusman*, Civil Action No. 10-991, 2010 WL 2102829, at *7 (E.D. La. May 5, 2010). Finally, mere negligence on the part of the jail officials in the way they manage the food services does not amount to a constitutional violation. *Mendoza v. Lynauah*, 989 F.2d 191, 195 (5th Cir. 1993).

In the instant action, Plaintiff alleges that conditions in the SMCI kitchen are generally unsanitary. He alleges that the food trays are not properly cleaned and that the inmates in the kitchen do not always wear proper protective gear such as hairnets, aprons, or gloves. He further alleges that

the inmates working in the kitchen have sometimes engaged in sexual activity. At the *Spears* hearing, the Plaintiff generally stated that all Defendants, including Valley Services, had personal knowledge of the conditions in the kitchen and failed to act.

The undersigned finds that the conditions described by Plaintiff do not amount to a constitutional violation. In regard to the Plaintiff's complaint that food servers do not wear adequate protective gear, multiple courts have held that the absence of hairnets or gloves worn by food servers in prisons fails to warrant relief under Section 1983. *Hye v. Broadus*, Civil Action No. 1:08-cv-220, 2009 WL 3259130, at *8 (Finally, Plaintiff's allegation that deputies do not wear hairnets . . . while serving food, do not rise to actionable claims); *Spurlock*, 2010 WL 2102829, at *7 ("[Plaintiff] explained that at time the food was prepared and served by people without gloves, shirts, or hairnets . . . . Even if those allegations are true, plaintiff's claim is not actionable.").

Plaintiff also alleges that inmates with contagious diseases are allowed to work in the kitchen, possibly spreading disease. However, he does not allege that he himself, or any other inmate at SMCI, has contracted a contagious disease from contaminated food. Furthermore, Plaintiff has failed to present any evidence that he is under an imminent threat of contracting a communicable disease. *See Helling*, 509 U.S. at 34 (noting that the Eighth Amendment protects against "sufficiently imminent danger[]" in addition to "current and unnecessary and wanton infliction of pain and suffering"). Finally, a number courts have held that the failure of prison officials to screen food servers for contagious diseases, without more, does not implicate constitutional concerns. *See e.g., Carr v. Newcomer*, Civil Action No. 09-1080, 2010 WL 331689, at *9 (W.D. La. Jan. 19, 2010).

The undersigned notes that Plaintiff has filed no response to the Defendant's motion for

summary judgment, or come forward with any competent evidence supporting his claims. While the Plaintiff did respond to SMCI Defendants' previous motion for summary judgment,[7] his submission consisted only of additional unsubstantiated allegations, a recitation of the Plaintiff's disapproval of kitchen conditions, and various affidavits signed by other inmates expressing their displeasure with the food at SMCI. Having been confronted with a proper motion for summary judgment, Plaintiff can no longer rest on his pleadings. *See Celotex*, 477 U.S. at 325-26. Plaintiff also cannot defeat the Defendants' motion for summary judgment with "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner*, 476 F.3d at 343. Based on the current record, Plaintiff has failed to demonstrate conditions of confinement resulting in violation of the Eighth Amendment, and Defendant Valley Services is entitled to judgment as a matter of law.

## RECOMMENDATIONS

For the reasons set forth above, the undersigned recommends that the Motion for Summary Judgment [59] filed by Defendant Valley Food Service be GRANTED and this matter dismissed with prejudice.[8]

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after

---

[7]*See* Response [41] and attaches affidavits.

[8]The Plaintiff filed a Motion to Amend [62] prior to the entry of Order [64], in which the district judge adopted the Report and Recommendations [58] and dismissed the claims against the SMCI Defendants. A judgment was then entered that mistakenly dismissed all the Plaintiff's claims, closed the case, and denied all pending motions. *See* Judgment [65]. However, the case was soon re-opened. *See* Order [66].  In the Motion to Amend [62], Plaintiff states that several of the named Defendants no longer worked at SMCI, and that he wishes to substitute current SMCI employees in their place. However, because the Court found that Plaintiff's underlying claims are without merit, such an amendment is unnecessary.

being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 10th day of September, 2015.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge