IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERRY ALLEN BOSARGE

VS.                                                          CIVIL ACTION NO. 1:13cv564-KS-MTP

CHRISTOPHER EPPS, ET AL

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION AND DISMISSING CASE WITH PREJUDICE

This cause is before the Court on Motion for Summary Judgment filed by Defendant Valley Food Services, Inc. [59], Report and Recommendation [72] entered by Magistrate Judge Michael T. Parker, and Objection [73] thereto by Plaintiff Bosarge, and the Court after considering the above documents, together with the record herein, does hereby find as follows:

### I.  PROCEDURAL HISTORY

Plaintiff Jerry Allen Bosarge is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC") currently incarcerated at South Mississippi Correctional Institution ("SMCI"). This lawsuit arises from alleged events that took place at SMCI. Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 on or about October 17, 2013.[1] His claims and requested relief were clarified and amended through his sworn testimony at a *Spears*[2] hearing held December 2, 2014.[3]

---

[1] *See* Complaint [1] at 4.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *see also Flores v. Livingston*, 405 Fed. App'x 931, 932 (5th Cir. 2010) (stating that allegations made a *Spears* hearing supercede claims alleged in the initial complaint).

[3] *See* Omnibus Order [31].

Plaintiff alleges unsanitary food preparation conditions at SMCI. Specifically, Plaintiff alleges that the inmate-operated cafeteria does not properly clean the dishes and food trays, and that there is only one dishwasher in the kitchen. Plaintiff alleges that the inmates who work in the kitchen do not wear aprons, hairnets and gloves when handling and serving the food. He alleges that inmates who suffer from contagious diseases are allowed to work in the kitchen, likely spreading disease through the food served at SMCI. Plaintiff offers no facts, however, establishing that disease is in fact being spread, or that he himself has become sick. Plaintiff alleges that he has witnessed inmates engage in sexual activity when working in the kitchen, which he claims could contaminate the food.

Plaintiff further alleges that no one is supervising the inmates working in the kitchen to ensure that they comply with food safety standards. Plaintiff alleges that Defendant Valley Services, a private food service management company under contract with SMCI, had personal knowledge of the unsanitary conditions of the kitchen and refused to act. Plaintiff seeks injunctive relief in the form of an order from this Court ordering the Defendants to operate the kitchen in compliance with food safety standards.[4]

Defendants Brown, Blackburn, Everett, Davis, Sims and Byrd[5] filed their Motion for Summary Judgment [39] and Memorandum in Support [40] on February 24, 2015. In Report and Recommendations [58], the undersigned recommended that the Motion [39] be granted and Plaintiff's claims against the SMCI Defendants be dismissed with prejudice. The Report and Recommendations [58] was adopted by the district judge on September 2, 2015, by Order [64].

---

[4]*Id*. at 2.

[5]These defendants are, or were at the time of the alleged events, employees of the MDOC or SMCI.

Plaintiff's claim against Defendant Valley Services remained before the Court.[6]

Defendant Valley Services filed its Motion for Summary Judgment [59] and Memorandum in Support [60] on August 10, 2015. In the motion, Valley Services argues that Plaintiff's claim should be dismissed because he has failed to show an injury or exposure to serious harm, and further failed to show that Valley Services acted with deliberate indifference.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

The crux of the objection filed by Plaintiff revolves around his claim that the food service at South Mississippi Correctional Institute (SMCI), which is operated by

---

[6] Defendant Valley Services was not served with process at the time of the *Spears* hearing, and did not appear before the Court until July 8, 2015. *See* Answer [51]. Accordingly, the motions deadline for Valley Services did not expire until after the undersigned had filed the Report and Recommendations [58].

Defendant Valley Food Service, Inc., under contract with the Mississippi Department of Corrections, does not comply with its own rules, regulations and policies regarding food service operation.  Plaintiff alleges *inter alia* that the food service regulations require that the workers wear clean clothes, hairnets and be free of communicable diseases.  His objection reiterates that parts of the Complaint, that they do not.  In the objection [73-4] Plaintiff states: "The only relief that Plaintiff Bosarge has ever requested was that Defendant enforce the policy 23-01-01 and 23-03-01, which the captains, lieutenants, and officers refuse to enforce."

The question begged by the objection is, even if Plaintiff's complaints are true, does it constitute a constitutional violation, i.e. a violation of the Eighth Amendment?  Judge Parker's analysis goes through what is required for a food service and prior case law addressing complaints similar to those of Plaintiff.  Even if everything Plaintiff alleges is true, it does not rise to a constitutional issue.  The complaints were clarified in a *Spears* hearing, so Judge Parker had access to the complete facts alleged by Bosarge.  The complaints of Bosarge as to the results of the violations of the policies are, at best, conclusory and without factual basis.    The Court finds that the objection is without basis.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Bosarge's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the

law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation [72] is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Jerry Bosarge's claim is **dismissed with prejudice**. All other pending motions, specifically [69] Motion for Injunctive Relief, are denied as moot. It is not necessary for this Court to rule on the Report and Recommendation [71], as it is also moot as a result of this Order.

      SO ORDERED this, the 19th day of October, 2015.

                              *s/Keith Starrett*
                              UNITED STATES DISTRICT JUDGE